## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. DAVID FUZZELL, | ) | |
| | ) | |
| Plaintiff, | ) | CIV-13-1270-D |
| | ) | |
| v. | ) | |
| | ) | |
| 1. FARMERS INSURANCE | ) | |
| EXCHANGE, a/k/a FARMERS | ) | |
| INSURANCE GROUP, INC., a/k/a | ) | |
| FARMERS INSURANCE GROUP, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | ATTORNEY LIEN CLAIMED |

## COMPLAINT

**COMES NOW** the Plaintiff, David Fuzzell, and for his cause of action against the Defendant herein alleges and states as follows:

## PARTIES

1. Plaintiff David Fuzzell is an adult male, residing in Oklahoma County, Oklahoma.

2. Defendant is Farmers Insurance Exchange a/k/a Farmers Insurance Group, Inc. a/k/a Farmers Insurance Group, a corporation or entity conducting business in and around Oklahoma County, State of Oklahoma.

## JURISDICTION AND VENUE

3. Plaintiff asserts causes of action for age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") and for disability discrimination in

violation of the Americans with Disabilities Act ("ADA") and the ADA Amendments Act ("ADAAA"). This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331.

4. Plaintiff exhausted his administrative remedies as to the above-listed claims by filing timely a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff was issued a notice of right to sue dated September 23, 2013, which was received by mail thereafter. This action has been timely filed within ninety (90) days of receipt of such notice.

5. All of the claims complained of herein occurred in Oklahoma County, Oklahoma. Defendant is doing business in such county and may be served in said county. Wherefore, venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

6. Mr. Fuzzell was born in October 1952, making him over the age of forty (40) at all relevant times hereto.

7. Mr. Fuzzell began his employment with Defendant on or about March 1, 2007, as an Employee Retention and Development Specialist. Mr. Fuzzell was hired by Customer Service Department Director Ron Hammond and Employee Development Manager Sandy Weaver.

8. In or around October 2010, Mr. Fuzzell applied for and was selected to be the Senior Supervisor at the National Document Center ("NDC") by Manager Gary Keys and

Department Manager John May.

9. Throughout Mr. Fuzzell's employment, he has received satisfactory or better performance evaluations. In fact, Mr. Fuzzell received recognition several times for his outstanding contributions.

10. In or around early 2012, he notified NDC Department Manager John May and NDC Manager Gary Keys that he suffers from sleep apnea and also takes medication for allergies. His sleep apnea and the medication he takes caused him to be drowsy at times at work.

11. And, in or around October 2012, Mr. Fuzzell contacted Defendant's Employee Assistance Program ("EAP") due to stress. The NDC is a production driven environment that required Mr. Fuzzell to either be on-site or available by phone from 5:00 am to 12:30 a.m. Mr. Fuzzell often had conversations with late night supervisors regarding the NDC's production numbers in preparation for the following day. Due to this high volume of work, Mr. Fuzzell noticed that his personal relationships were being affected by the work-related stress. He began experiencing headaches and changes to his appetite. He often had trouble sleeping due to the stress. Thus, Mr. Fuzzell sought help through the EAP program. Although Mr. Fuzzell scheduled follow-up calls with EAP, he was not able to do so due to the intense workload.

12. Due to his medical conditions, Mr. Fuzzell is a qualified individual with a disability within the meanings of the ADA and ADAAA in that he was disabled, had a record

of disability, and/or was perceived as disabled. His disabilities substantially limit and/or limited his in one or more of his daily major life activities, including but not limited to sleeping, breathing, eating, interacting with others and concentrating. His medical conditions also limit one or more of his internal bodily processes, including but not limited to normal respiratory function and normal neurological function. However, at all times relevant hereto, Mr. Fuzzell was able to perform the essential functions of his job with or without reasonable accommodations.

13. On or about March 7, 2013, Mr. Fuzzell was notified by Human Resources ("HR") Advisor Hope Westergom and John May that he was terminated. The reason given for the termination was that Mr. Fuzzell allegedly received an email containing employees' concerns regarding a trainer which he did not adequately address. However, Mr. Fuzzell acted in the manner in which he had been trained. Hence, the reasons for his termination were false and merely pretext.

14. Specifically, on or about November 28, 2012 (about four (4) months prior to his termination), Mr. Fuzzell received an email from a supervisor (who reported to Mr. Fuzzell) containing complaints about Trainer John Powers. Mr. Powers was not in Mr. Fuzzell's chain of command, thus, Mr. Fuzzell did not have the authority to take any action on the complaints. Therefore, Mr. Fuzzell forwarded the email to Mr. Powers' and Mr. Fuzzell's supervisor, Manager Gary Keys.

15. In or around February 2013, Mr. Fuzzell was interviewed by Westergom about

Powers and the November 28, 2012 email that he received. Mr. Fuzzell stated that he had followed the chain of command and believed that the situation had been handled appropriately. He received no follow-up from HR until his termination in March 2013.

16. Prior to his termination, Mr. Fuzzell was not written up or otherwise disciplined in his six (6) years of employment with Defendant.

17. The supervisor who reported Mr. Powers' conduct to Mr. Fuzzell was not disciplined for not taking the employee complaints to HR. Rather, the supervisor replaced Mr. Powers as a trainer and was permitted to keep his salary grade, which was higher than the salary grade of a trainer. This supervisor is significantly younger than Mr. Fuzzell.

18. In addition, upon information and belief, Mr. Fuzzell has been replaced by a significantly younger individual.

19. As a direct and proximate cause of the Defendant's actions, Mr. Fuzzell has suffered injuries as described in this Complaint.

## COUNT I: AGE DISCRIMINATION (ADEA)

For his first cause of action, Plaintiffs incorporate all prior allegations and further alleges and states as follows:

20. The matters alleged above constitute violations of the ADEA in the form of age discrimination.

21. Plaintiff was a member of a protected class in that at all relevant times to this action he was over the age of forty (40), was satisfactorily performing his job, was

terminated and replaced by a significantly younger individual.

22. As the direct and proximate result of Defendant's actions, Plaintiff has suffered lost earnings, past and future, and other compensatory and equitable damages allowed by the Civil Rights Act of 1991. Plaintiff is also entitled to liquidated damages based on Defendant's willful conduct in that Defendant's agents were aware of the prohibition against age discrimination.

## COUNT II: DISABILITY DISCRIMINATION

For his second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

23. Discrimination based on a record of a disability, being perceived as disabled, or being disabled (as described above) is contrary to the ADA and the ADAAA.

24. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered injuries and damages, including past and future lost wages, emotional distress and other non-monetary losses.

25. Defendant's actions were willful, wanton and/or conducted in a reckless disregard of Plaintiff's rights, thereby entitling Plaintiff to punitive damages as provided by the Civil Rights Act of 1991.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendant and award actual and compensatory damages, liquidated damages,

punitive damages, together with any appropriate equitable relief, pre- and post-judgment interest, costs and attorney's fees.

Respectfully submitted this 2nd day of December, 2013.

        s/ Jana B. Leonard
        **JANA B. LEONARD, OBA #17844**
        **LAUREN W. JOHNSTION, OBA #22341**
        **LEONARD & ASSOCIATES, P.L.L.C**
        **8265 S. WALKER**
        **OKLAHOMA CITY, OK 73139**
        **(405) 239-3800 [TELEPHONE]**
        **(405) 239-9801 [FACSIMILE]**
        leonardjb@leonardlaw.net
        johnstonlw@leonardlaw.net

        **JURY TRIAL DEMANDED**
        **ATTORNEY LIEN CLAIMED**